[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15613
Non-Argument Calendar

_____

D. C. Docket No. 04-00281-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL MARTIN HAGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 3, 2006)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant was convicted on a plea of guilty of being a convicted felon in

possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and the district court sentenced him to prison for a term of 96 months. He now appeals his sentence, contending that the court infringed his Sixth Amendment rights under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when, applying the Sentencing Guidelines, it concluded that it could not depart downward from the sentence range prescribed by U.S.S.G. § 4A1.3(b)(1) because he is an armed career criminal.

In United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005), we held that Booker's instruction that the district courts first consult the Guidelines in fashioning a sentence necessarily implies that they must determine the appropriate Guidelines sentence range. In United States v. Brehm, No. 05-13426, manuscript at 13 (11th Cir. Mar. 17, 2006), the defendant contended that the district court had the discretion to grant a safety-valve reduction under U.S.S.G. § 5C1.2, even though he had more than one criminal history point (and thus was ineligible for safety-valve treatment), on the theory that Booker rendered the eligibility requirements for safety-valve relief discretionary. We disagreed, and held that Booker does not render application of individual Guidelines provisions advisory; rather, the district court remains obligated to calculate correctly the guidelines range. Id. at 20.

Section 4A1.3(b)(1) of the Guidelines provides for a downward departure in a defendant's criminal history category if the court finds that the defendant's criminal history category "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Section 4A1.3(b)(2)(B), however, prohibits the court from making a downward departure under this subsection if the defendant is an armed career criminal.

Appellant's Sixth Amendment rights were not violated because the district court correctly calculated his advisory Guidelines sentence range. Since appellant is an armed career criminal, § 4A1.3(b)(2)(B) prohibited the court from granting him the downward departure he requested. Appellant's sentence is therefore due to be, and is,

AFFIRMED.